UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CV 8002

SCHAMOANNAH PRINCE, )
)
Plaintiff, )
)
)
)  **COMPLAINT AND DEMAND**
v. )  **FOR JURY TRIAL**
)
COHEN & SLAMOWITZ, LLP, )
)
Defendant. )
)
)
)
)

RECEIVED
OCT 26 2012

## INTRODUCTION

1.      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

1692 et seq.  A supplemental claim arises under New York General Business Law ("GBL") §

349 (prohibiting deceptive acts and practices).

        This case represents an extreme pattern of deceptive communications involving a

consumer debt.

## JURISDICTION AND VENUE

2.      Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 in

that this dispute involves predominant issues of federal law.  Defendant has violated numerous

provisions of the FDCPA.

3.      Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue in this district is proper in that Defendant transacted business here and the conduct

complained of occurred here.

6.      Defendant regularly does business within this district, and has engaged in a persistent course of conduct within this district. Defendant also has derived substantial revenue from services rendered in this judicial district and state.

7.      Defendant expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state. Defendant derives substantial revenue from interstate commerce.

8.      Defendant caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

9.      Plaintiff SCHAMOANNAH PRINCE ("Plaintiff") is a natural person who resided at all relevant times in New York County, New York.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

11.     COHEN & SLAMOWITZ, LLP ("C&S") is a domestic limited liability partnership organized and existing under the laws of New York.

12.     C&S's principal place of business is located at 199 Crossways Park Drive, Woodbury, New York 11797-2016.

13.     The principal purpose of C&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and C&S regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14.     C&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15.     The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

2

## FACTUAL ALLEGATIONS

16.    At all times material to this complaint, C&S represented Midland Funding, LLC for the purposes of legal collection from Plaintiff of an alleged credit card debt, formerly owed to HSBC Bank Nevada, N.A., with account number ending in -6633.

17.    By letter dated November 7, 2011 (**Exhibit 1**) C&S, on behalf of Midland, sent its first communication to Ms. Prince, stating it had been retained to collect an alleged balance owed of $3,167.32.

18.    Twenty-four days later, by letter dated December 1, 2011 (**Exhibit 2**), C&S stated that the balance due was now $3,183.28. In 24 days, C&S had added $15.96 to the amount originally alleged in Exhibit 1.

19.    This letter also offered to settle the debt for 80% of that amount, or $2,546.62, which it characterized as "pennies on the dollar."

20.    On or about December 30, 2011, C&S filed suit against Ms. Prince in New York County Civil Court under Index No. 067913-11 ("the First State case") (see **Exhibit 3**, eCourts printout).

21.    Next, C&S sent Ms. Prince a letter dated January 18, 2012 (**Exhibit 4**), which was almost exactly the same as the first letter, except Exhibit 4 referenced an index number, 067913/11, and now stated the amount of the alleged debt as $3,355.20. The amount of the debt had grown by $171.92 in the 49 days since the last letter.

22.    In the 24 days between Exhibits 1 and 2, C&S had added $15.96 to the amount of the debt. By contrast, in the 49 days, or about twice as many days, between Exhibit 2 and Exhibit 4, C&S added $171.92 (about $3.50 per day).

23.     The parties engaged in settlement discussions over the telephone.  C&S proposed monthly payments in the amount of $280.  Given how rapidly interest was accruing, Ms. Prince said she would try to make such payments, and would send her first payment upon receipt from C&S of an agreement in writing.  C&S never sent any agreement.

24.     Despite the lack of any agreement, Ms. Prince next received from C&S a letter dated February 23, 2012, advising that her monthly payment, which C&S claimed was "due by February 22, 2012" had not yet been received, and that the "stipulated balance" as of the date of the letter was $3,361.19.  (**Exhibit 5**).

25.     As there had been no agreement, no payment could be "due by February 22, 2012," and no balance could be "stipulated."  In fact, Ms. Prince understood that she had agreed to settle the debt for the amount of $2,697.13, not the amount stated in the letter.

26.     By letter dated April 9, 2012 (**Exhibit 6**), C&S informed Ms. Prince that $2,697.13 was the principal amount of the debt, but said she also owed $572.61 in interest and $140 in court costs, for a total amount of $3,409.74.  The letter did not explain how it calculated the interest amount to reach the figure quoted, what interest rate was used, or over what period it was applied.

27.     In the 46-day period between Exhibit 5 and Exhibit 6, C&S added $45.56 to the alleged amount due, in contrast to the $171.92 it had added it the 49 days between Exhibits 2 and 4.

28.     Throughout the course of C&S's written communications to Ms. Prince, the amounts it alleged to be due were calculated in a manner that can only be characterized as random, and not reflective of the consistent application of a constant, statutorily-determined interest rate, as reflected in the summary chart below.

| Date of | Period of Time | Alleged | $ Difference | |
|---------|----------------|---------|--------------|---|

| Communication from C&S | Between Communications | Amount of Debt | | |
|---|---|---|---|---|
| 11/7/2011 | | $3,167.32 | | Ex. 1 |
| 12/1/2011 | 24 days | $3,183.28 | $15.96 | Ex. 2 |
| 1/18/2012 | 49 days | $3,355.20 | $171.92 | Ex. 4 |
| 2/23/2012 | 36 days | $3,361.18 | $5.98 | Ex. 5 |
| 4/9/2012 | 46 days | $3,409.74 | $45.56 | Ex. 6 |

29.     The letter also did not explain what "court costs" Ms. Prince was being dunned for, or why she should be responsible for "court costs" absent a judgment and bill of costs.

33.     Attached to the April 9, 2012 letter was a single HSBC account statement showing an account balance as of November 29, 2009 of $2,697.13 with an interest rate of 29.490%. Also attached was a HSBC card member agreement, but the font is so small it is impossible to read its date or terms.

31.     Over the following months, the parties engaged in further settlement communications, but reached no agreement. Nonetheless, for no reason Ms. Prince could discern, C&S sent Ms. Prince a signed Notice of Discontinuance dated May 14, 2012. (**Exhibit 7**). However, C&S apparently never filed the discontinuance with the court; as of today, an eCourts search discloses that the case is still "active." (See **Exhibit 3**). Ms. Prince has to this day never been served with a summons and complaint in the First State Case.

32.     Approximately a week after its letter representing to Ms. Prince that it had discontinued the First State Case, C&S sent Ms. Prince a letter dated May 23, 2012, referencing the index number of the now-discontinued state case, and proposing a settlement figure. (**Exhibit 8**).

33.     On or around July 26, 2012, C&S brought a second state action against Ms. Price for the

same debt.  (See eCourts, **Exhibit 9**).

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

34.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

35.     The Defendant violated FDCPA §§ 1692d, 1692e, 1692e(2)(a) and (b), 1692e(11), 1692f,

1693f(1), and 1692g through the following acts and omissions:

a)  Misrepresenting the character, amount, and legal status of the debt multiple times;

b)  Adding $171.92 in interest in the 49 days between November 7, 2011 and January 18, 2012, an unlawful and usurious increase, without authority by contract or law (demonstrated in Exhibits 1 and 4);

c)  Attempting to collect amounts not authorized by law by adding excessive, inconsistently calculated, and/or improperly calculated interest;

d)  In correspondence asserting a willingness to settle a debt for 80% of the alleged amount due, and then claiming in a later paragraph that the amount was equivalent to "pennies on the dollar" (Exhibit 2);

e)  Attempting to shift "court costs" to the consumer in the absence of a judgment or any other legal or contractual authority (Exhibit 6);

f)  Demanding conflicting amounts that lack any basis in fact;

g)  Claiming (in Exhibit 5) that an alleged balance and payment was "stipulated" when no such stipulation existed;

h)  Asserting and demanding false, misleading, deceptive, and conflicting amounts, interest rates and accrual dates;

i)  Suing Plaintiff in a Second State Action on the same debt while the First State Action was still active;

j)  Inexcusably failing to withdraw the First State Action, thereby causing further false and misleading representations;

k)  Sending false, misleading, and deceptive communications with regard to the character, amount, and legal status of the debt; and

l)   Using a sequence of confusing and violative communications that in combination served to harass, annoy and abuse the Plaintiff.  This strategy is a deceptive and misleading means to collect a debt.

36.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages as set forth in this complaint, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

37.    The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

38.    NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the State of New York.

39.    The conduct complained of in this complaint occurred during, and in furtherance of, Defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

40.    At all times material to this complaint, Defendant's deceptive acts and practices that gave rise to the claims herein occurred while Defendant conducted its business of collecting consumer debts.

41.    Defendant's acts and practices have been directed entirely at consumers as reflected in its correspondence and advertisements.  Defendant's acts and practices have a broad impact on the New York consuming public.

42.    Defendant's collection acts are part of a recurring practice against large numbers of consumers in furtherance of their business models of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

43.    Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers

of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

44.     The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

45.     Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

46.     As a result of Defendant's deceptive acts and practices, the Plaintiff has suffered actual damages as alleged in this complaint.

47.     As a result of these violations of NYGBL § 349, Plaintiff is entitled to an injunction barring Defendant from engaging in deceptive acts and practices, including the collection of this debt, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

**Plaintiff's Actual Damages**

48.     Plaintiff alleges as actual, pecuniary damages attorneys' fees for defending against the unlawful, continued prosecution of The State Action. Further pecuniary damages include postage and facsimile charges.

49.     Plaintiff suffered other actual, non-pecuniary damages, including emotional distress, loss of tranquility, hostility, anxiety, worry, fear, fright, shock, lost concentration, and stress.

        **WHEREFORE**, Plaintiff respectfully requests a trial by jury and also requests that judgment be entered against Defendant for the following:

a.    On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b.    On the SECOND CLAIM FOR RELIEF (NYGBL § 349), injunctive relief, actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and

c.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, NY
　　　　October 26, 2012

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Jesse Langel, Esq. (JL-7079)
　　　　　　　　　　　　　　　　　　The Langel Firm
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*
　　　　　　　　　　　　　　　　　　225 Broadway, Suite 700
　　　　　　　　　　　　　　　　　　New York, NY 10007
　　　　　　　　　　　　　　　　　　646-290-5600
　　　　　　　　　　　　　　　　　　jesse@langellaw.com

# Exhibit 1

# Law Office of
# Cohen & Slamowitz, LLP

**(800) 293-6006 ext. 8981**
**(516) 686-8981**
**Fax (516) 584-1006**
Firm Representative: SHANA HUSSAIN

**199 Crossways Park Drive**
**Woodbury, NY 11797-9004**
NYC DCA License No. 1160860

November 07, 2011

LDUNN1 C486418

SCHAMOANNAH PRINCE
2301 5TH AVE
NEW YORK NY 10037

Re: Original Creditor: Hsbc Bank Nevada, N.A
Creditor: MIDLAND FUNDING LLC
Card Type: HSBC BANK NEVADA, N.A.
Account No: 5491100017306633
C&S File No: C486418
Balance Due As Of November 07, 2011: $3,167.32

Dear SCHAMOANNAH PRINCE:

Please be advised that the above referenced creditor has referred this account to our law office for collection. Please contact us to discuss the repayment options available to you.

## VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Law Office of Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to MIDLAND FUNDING LLC . Our office also accepts Western Union, Money Gram, MasterCard, Visa and checks via telephone, or visit our website at **WWW.CSLAWLLP.COM** to make payments online.

 

# Exhibit 2

P.O. BOX 9012
WOODBURY, NY 11797-9012

15750

506C486418

# Law Offices of
## Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext. 8981
Fax (516) 908-7993
NYC DCA LICENSE No 1160860 

December 01, 2011

RE:
Original Creditor: Hsbc Bank Nevada, N.A
Creditor: Midland Funding Llc
Card Type: HSBC BANK NEVADA, N.A.
Account: 5491100017306633
C&S File No. C486418
Balance Due As Of December 01, 2011: $3,183.28

33437-02****AUTO**5-DIGIT 10037
Schamoannah Prince          52 15750
2301 5th Ave
New York, NY 10037-1638

Dear Schamoannah Prince:

We are authorized to offer you an **80% settlement** of the above referenced debt. Your balance due is currently $3,183.28. Our client will accept the **reduced sum of $2,546.62** if you pay **on or before December 27, 2011**. Upon receipt and clearance of your payment, your account will be deemed **settled in full** by our client.

We urge you to take advantage of this opportunity to settle your account for pennies on the dollar. Please contact your account representative at the telephone number set forth above as this offer may not be available to you after **December 27, 2011**. Kindly note that this offer to settle is void if you are refinancing or selling your house, or if we have restrained your bank account.

Very Truly Yours,

Cohen & Slamowitz, LLP

ALL CHECKS SHOULD BE FORWARDED DIRECTLY TO THIS OFFICE AND MADE PAYABLE TO MIDLAND FUNDING LLC. OUR OFFICE ALSO ACCEPTS WESTERN UNION, MONEY GRAM, MASTERCARD, VISA, AND CHECKS VIA TELEPHONE, OR VISIT OUR WEBSITE AT **WWW.CSLAWLLP.COM** TO MAKE PAYMENTS ONLINE.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**





Please detach and return this portion with your payment

| Credit Card Used For Payment | |
| --- | --- |
| ☐ Visa     ☐ MasterCard | |
| Card Number | Amount |
| Signature | Exp. Date |

Original Creditor: Hsbc Bank Nevada, N.A
Creditor: Midland Funding Llc
Card Type: HSBC BANK NEVADA, N.A.
Account: 5491100017306633
C&S File No. C486418

Schamoannah Prince
2301 5th Ave
New York, NY 10037-1638

COHEN & SLAMOWITZ, LLP
P.O. BOX 9001
WOODBURY, NY 11797-9001



DID1294836

LSLTR1-0705

**TOTAL DUE:** $3,183.28
**DUE DATE:** December 27, 2011
**SETTLEMENT AMOUNT:** $2,546.62

AMOUNT ENCLOSED $_____



**Exhibit 3**



# New York State Unified Court System

## WebCivil Local - Case Detail

Court: **New York County Civil Court**
Index Number: **CV-067913-11/NY**
Case Name: **MIDLAND FUNDING LLC vs. PRINCE, SCHAMOANNAH**
Case Type: **Civil**
Classification: **Consumer Credit**
Filing Date: **12/30/2011**
Disposition Date:
Calendar Number:
Jury Demand: **No**
Judge Name:

Attorney/Firm(s) For Plaintiff - MIDLAND FUNDING LLC:

**Cohen & Slamowitz, LLP**                    Attorney Type: **Firm**
**199 Crossways Park Drive, PO Box 9004**
**Woodbury, New York  11797-9004**
**(516) 686-8925 ext:**

Attorney/Firm(s) For Defendant - SCHAMOANNAH PRINCE:

( Close )   ( Add to eTrack )

**Exhibit 4**

# Law Office of
# Cohen & Slamowitz, LLP

(800) 293-6006 ext. 8981
(516) 686-8981
Fax (516) 584-1006
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

January 18, 2012

LDUNNI C486418

SCHAMOANNAH PRINCE
2301 5TH AVE APT 2I1
NEW YORK NY 10037

Re: Original Creditor: Hsbc Bank Nevada, N.A
Creditor: MIDLAND FUNDING LLC
Card Type: HSBC BANK NEVADA, N.A.
Account No: 5491100017306633
C&S File No: C486418
Index No: 067913/11
Balance Due As Of January 18, 2012: $3,355.20

Dear SCHAMOANNAH PRINCE:

Please be advised that the above referenced creditor has referred this account to our law office for collection. Please contact us to discuss the repayment options available to you.

## VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Law Office of Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to MIDLAND FUNDING LLC . Our office also accepts Western Union, Money Gram, MasterCard, Visa and checks via telephone, or visit our website at WWW.CSLAWLLP.COM to make payments online.





**Exhibit 5**

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext 8981
Fax (516) 908-7993
Firm Representative: Myriam Butler

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

February 23, 2012

Schamoannah Prince
2301 5th Ave Apt 2ii
New York, NY 10037

Re: Original Creditor: HSBC Bank Nevada, N.A.
Creditor: Midland Funding LLC
Card Type: HSBC Bank Nevada, N.A.
Alleged Debtor: Schamoannah Prince
Account Number: 5491100017306633
C&S File Number: C486418'
Index Number: 067913/11
Stipulated Balance as of February 23, 2012: $3,361.19

Dear Schamoannah Prince,

Please be advised that your payment of $280.00 due by February 22, 2012 has not yet been received by us. Pursuant to the terms of the repayment agreement, kindly forward your payment of $280.00 to us within ten (10) days of the mailing of this letter.

If you already mailed the payment, please disregard this notice. Please contact us should you have any questions. Thank you for your cooperation.

Sincerely,

David A. Cohen, Esq./Mitchell G. Slamowitz, Esq.

P.S. All checks should be forwarded directly to this office and made payable to MIDLAND FUNDING LLC. Our office also accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions, or visit our website at www.cslawllp.com to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Exhibit 6**

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext 8981
Fax (516) 908-7993
Firm Representative: Shana Hussain

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

April 9, 2012

Schamoannah Prince
2301 5th Ave Apt 2ii
New York, NY 10037

Re: Original Creditor: HSBC BANK NEVADA, N.A.
Creditor: Midland Funding LLC
Card Type: HSBC Bank Nevada, N.A.
Debtor: Schamoannah Prince
Account Number: 5491100017306633
C&S File Number: C486418
Index Number: 067913/11
Balance as of April 9, 2012: $3,409.74

Dear Schamoannah Prince:

Please note that this office represents the above referenced creditor. Enclosed please find documentation to support our client's claim for the balance due, which is currently $3,409.74 as of April 9, 2012. This balance consists of $2,697.13 in principal and $140.00 in court costs and $572.61 in interest.

If you should have any questions or comments, please do not hesitate to contact this office.

Very truly yours,

By: Lynda M. Zukaitis, Esq.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# HOUSEHOLD BANK PLATINUM



SCHAMOANNAH L PRINCE

Page 1 of 1

| ACCOUNT SUMMARY | |
|---|---|
| ACCOUNT NUMBER | 5491-1000-1730-6633 |
| TOTAL CREDIT LIMIT | $2,000 |
| TOTAL CREDIT LIMIT AVAILABLE | $0 |
| STATEMENT DATE | 11/04/09 |

| PAYMENT SUMMARY | |
|---|---|
| MINIMUM PAYMENT* | $94.00 |
| PAYMENT DUE DATE | 11/29/09 |
| OVERLIMIT AMOUNT | $697.13 |
| PAST DUE AMOUNT | $582.00 |
| CURRENT PAYMENT DUE* | $791.13 |

To avoid additional late and/or overlimit fees, you must pay the Current Payment Due (which includes the Minimum Payment and any Past Due and/or Overlimit Amounts).   *See About Your Payment on reverse for an explanation of these amounts.

| BALANCE SUMMARY | | |
|---|---|---|
| PREVIOUS BALANCE | | $2,630.43 |
| PAYMENTS/CREDITS | - | $0.00 |
| PURCHASES/DEBITS | + | $0.00 |
| FINANCE CHARGE | + | $66.70 |
| NEW BALANCE | = | $2,697.13 |

## FINANCE CHARGE CALCULATION
This is a grace account. Grace period information on back.

| | Average Daily Balance | Daily Periodic Rate | Days In Billing Cycle | FINANCE CHARGE At Periodic Rate | Cash Advance/ Transaction Fees | Nominal Annual Percentage Rate | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|---|---|
| PURCHASES | $2,634.36 | 0.08080%(V) | 31 | $65.99 | $0.00 | 29.49%(V) | 29.490% |
| CASH ADVANCES | $28.18 | 0.08080%(V) | 31 | $0.71 | $0.00 | 29.49%(V) | 29.490% |

(V) indicates variable rate

### IMPORTANT INFORMATION

TDD/Hearing Impaired: 1-800-655-9392.

✔ MAIL PAYMENTS TO:
HSBC CARD SERVICES
PO BOX 17051
BALTIMORE MD 21297-1051

☎ QUESTIONS?
24-HOUR CUSTOMER SERVICE
1-800-462-3016
OUTSIDE USA, COLLECT  1-757-523-3580
TDD HEARING IMPAIRED: 1-800-306-9026
💻 Manage your account online at
www.householdbank.com

✉ MAIL INQUIRIES TO:
HSBC CARD SERVICES
PO BOX 81622
SALINAS CA 93912-1622

090750 51 04  0000000103  G    STMT37  D D                00003738                    HIBM

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT: To Assure Proper Credit Please Write Your Account Number On Your Check

| Account Number | 5491-1000-1730-6633 |
|---|---|
| New Balance | $2,697.13 |  Minimum Payment | $94.00 |
| Payment Due Date | 11/29/09 |  Current Payment Due | $791.13 |

Include account number on check to HSBC CARD SERVICES.  Do not send cash. Send payment 7 to 10 days prior to Payment Due Date to ensure timely delivery. To avoid additional late and/or overlimit fees, pay the Current Payment Due.

Amount Enclosed

SCHAMOANNAH L PRINCE
2301 5TH AVE APT 2II
NEW YORK NY 10037-1639

HSBC CARD SERVICES
PO BOX 17051
BALTIMORE MD 21297-1051

5491100017306633000791130026971 39





# Exhibit 7

# Law Office of
## Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext. 8981
Fax 516 908-7993

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

May 14, 2012

SCHAMOANNAH PRINCE
2301 5TH AVE APT 2II
NEW YORK NY 10037

Re:  Original Creditor: HSBC BANK NEVAD A, N.A.
Creditor: MIDLAND FUNDING LLC
Card Type: HSBC BANK NEVADA, N.A.
Account No. 5491100017306633
C&S File No. C486418
Index No. 067913/11

Dear SCHAMOANNAH PRINCE:

Enclosed please find a Notice of Discontinuance of action in connection with the above referenced matter. Kindly retain the discontinuance for your records.

If you should have any questions, please do not hesitate to contact this office.

Very truly yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
MIDLAND FUNDING LLC

                PLAINTIFF,

         -AGAINST-

SCHAMOANNAH PRINCE

            DEFENDANT(S).
-------------------------------------------------------------X

**INDEX NUMBER 067913/11**
FILE NO. C486418

**NOTICE OF
DISCONTINUANCE**

S I R S :

          **PLEASE TAKE NOTICE,** that pursuant to CPLR 3217(a)(1),  the plaintiff, by

its attorneys, Cohen & Slamowitz, LLP, hereby discontinues the above entitled action against

SCHAMOANNAH PRINCE only without costs to either party as against the other.

Dated: May 14, 2012

                    _____
                    Cohen & Slamowitz, LLP
                    By: Mitchell G. Slamowitz/David A. Cohen/Leandre John/Mitchell L. Pashkin, Esqs.
                    Attorneys for Plaintiff

PConDis1

**Exhibit 8**

# LAW OFFICES OF
## COHEN & SLAMOWITZ, LLP
**199 Crossways Park Drive**
PO Box 9004
**Woodbury, New York 11797-9004**
**(516) 364-6006**
Fax (516) 364-6067

David A. Cohen, P.C.
Mitchell G. Slamowitz, P.C.

Crystal S.A. Scott
Carol Van Houten
Keisha N. Marshall
Carolyn Williams
Denise B. Pavlides
Tiffany La Mar
Mitchell L. Pashkin
Lynda M. Zukaitis
Terri A. Devito
Alexi T. Poulianos

Leandre M. John
Managing Attorney

Mitchell Selip, P.C.*
Of Counsel

*Admitted NY & NJ

NYC DCA License
No. 1160860

May 23, 2012

Schamoannah Prince
2301 5th Ave Apt 2II
New York, NY 10037

Re:   Original Creditor: HSBC Bank Nevada, N.A.
      Account No.: xxxx-xxxx-xxxx-
      Creditor: Midland Funding, LLC
      Alleged Debtor: Schamoannah Prince
      C&S File No.: C486418
      Index No.: 067913/11
      Balance due as of May 23, 2012: $3,439.00

Dear Mr. Prince:

This office is in receipt of your correspondence, dated May 16, 2012, regarding the above-referenced matter. As we previously advised you, my client has declined to accept $1,200.00 in full satisfaction of this matter. However, as a courtesy to you, my client has agreed to accept its previous settlement offer $1,715.18 with a down payment of $1,200.00 due by June 13, 2012, followed by monthly payments of $100.00, commencing on July 13, 2012, until the settlement balance is paid.

Kindly contact this office at your earliest convenience if you would like to accept my client's offer.

Upon receipt and clearance of your final payment, this office will forward you a letter confirming that the above-noted account is settled in full.

Additionally, as you were previously advised, please note that this office does not report any information to the credit bureaus regarding our clients' accounts. Therefore, we cannot delete any information from your credit report. If our client has reported this account to any credit bureau, it will, during its normal business reporting cycle, update the status of the account once it is settled in full.

Thank you for your consideration in this matter. If you should have any questions, please do not hesitate to contact this office.

Sincerely,

Kristen Stewart
Legal Assistant

**Federal law requires that I state the following:**
**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

# New York State Unified Court System

## WebCivil Local - Case Detail

| | |
|---|---|
| Court: | **New York County Civil Court** |
| Index Number: | **CV-020592-12/NY** |
| Case Name: | **MIDLAND FUNDING LLC vs. PRINCE, SCHAMOANNAH** |
| Case Type: | **Civil** |
| Classification: | **Consumer Credit** |
| Filing Date: | **07/26/2012** |
| Disposition Date: | |
| Calendar Number: | |
| Jury Demand: | **No** |
| Judge Name: | |

Attorney/Firm(s) For Plaintiff - MIDLAND FUNDING LLC:

**Cohen & Slamowitz, LLP**                          Attorney Type: **Firm**
**199 Crossways Park Drive**
**P.O. BOX 9004**
**Woodbury, New York  11797-9004**
**(516) 686-8925 ext:**

Attorney/Firm(s) For Defendant - SCHAMOANNAH PRINCE:

( Close )    ( Add to eTrack )